# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FERNANDO NEVAREZ CARREON,<br><br>Defendant. | 8:14CR324<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion for Compassionate Release, ECF No. 117. The Defendant seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

In Section 603 of the First Step Act, congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

The Defendant has submitted evidence of his initiation of administrative remedies through a petition to the Warden of his facility on January 13, 2020. His initial request for relief was denied by the Warden on February 11, 2020. The Defendant's Step 1 Grievance, appealing the Warden's decision, was denied on March 10, 2020, for lack of supporting documentation. The Defendant submitted a Step 2 Grievance on March 10, 2020, with supporting documentation, and he asserts that he should not be required to await a response to that Grievance due to the emergency nature of his request for relief.

The Defendant notes that his wife suffered an injury on September 29, 2019, that left her in a state of quadriplegia; she is now on a ventilator at the Madonna Rehabilitation Hospital in Nebraska; and she suffered cardiac arrest on March 30, 2020. He expresses a desire to relocate to a residence near the Madonna Rehabilitation Hospital so he can supervise his wife's care.[1] He notes that their four grown children have jobs and families that preclude them from performing that role, but they are willing to provide financial support for him upon his release from custody. The Defendant also raises a variety of concerns about his own health, including high blood pressure, high cholesterol, diabetes, back pain, and difficulty with ambulation. He asserts that these medical conditions and his age (63) make him more vulnerable to serious health consequences if exposed to the coronavirus during the current pandemic.

The Defendant has presented facts from which the Court may infer that it has jurisdiction to entertain his Motion. Accepting all facts alleged in the Defendant's Motion as true, the Court nonetheless concludes that a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act is not warranted.

When entertaining any motion for compassionate release, a court must consider the sentencing factors set out in 18 U.S.C. § 3553(a), including a defendant's history and characteristics, the need to avoid unwarranted sentencing disparities, protection of the public, promotion of respect for the law, general deterrence, and specific deterrence. Here, the Defendant has significant criminal history. His course of criminal activity leading

---

[1] The Defendant acknowledges that he has an Immigration and Customs Enforcement (ICE) detainer pending. See ECF No. 117 at Page ID 502. Accordingly, it is questionable whether the Defendant will be permitted remain in the United States when released from custody.

to the three convictions in this case was extensive and sophisticated. He was afforded pretrial release and failed to appear for sentencing. He absconded for 20 months and continued to engage in criminal conduct during that time. Once brought into custody for sentencing on June 8, 2017, the Defendant received a sentence of 75 months incarceration, followed by three years of supervised release. A reduction of his sentence to "time served" at this juncture would depreciate the seriousness of his criminal conduct and run contrary to the statutory sentencing objectives noted above.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion for Compassionate Release, ECF No. 117, is denied;
2. The Defendant's Motion for Reconsideration, ECF No. 119, is denied as moot;
3. The Defendant's Motion for Appointment of Counsel, ECF No. 120, is denied as moot; and
4. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 13th day of May 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge